Good morning, may it please the Court, my name is Yoel Weisshaus. Today, I would like to focus that the decision disregarded almost every factual allegation I made and went outside the four corners of the complaint. As an example, I will be concentrating on the deficit versus surplus. I will also touch on the fundraiser versus compensation as applied to the dormant commerce clause. The standard of review guides under Rule 12b6, a court is limited to the four corners of the complaint. To review the factual allegations and the like most favorable to the plaintiff, here the decision explicitly directed its entire focus on the defendant's alternative explanation. I respectfully submit the Palin versus New York times guides for reversal. For example, in the 12b6 motion, the Port Authority introduced documents outside the pleading imported from AAA. Namely, a cash flow analysis hypothesizing a deficit between 2007 and 2010, and then predicting another deficit by 2021, even with the 2011 toll prices. The decision decided not to convert the 12b6 motion to summary judgment because published financial data revealed from 2007 to 2010, a surplus of $575 million, and by 2016, a surplus of $2.8 billion. Palin clearly rejected relying on an alternative explanation such as the claim of a deficit when there is no basis for it. The decision itself is so inconsistent to warrant being vacated. For example, in AAA Northeast at page 386, the district court held that the law does not require the use of any specific financial analysis for purposes of the dormant commerce clause. In direct contrast, in this case, the district court relied exclusively on the cash flow analysis. For another example, the district court accepted the cash flow analysis as the motive So, White House, you have one minute left. You do have two minutes for rebuttal. Sure. Thank you. Another example, the district court accepted the cash flow analysis as the motive for raising the toll prices. In direct contrast, when I showed that first came the affordability envelope, which is first planning the toll prices and then inflating the budgets to exceed the financial envelope, the decision flipped its reasoning that motive does not matter. Another example, the decision held that internal deliberations for the price does not matter, only practice matters. At the same time, the decision relies on the deficits as the internally stated reason for the toll rates. Besides, in practice, there have been high yields of surpluses. Another example, a final example, the decision relied on the deficit hypothesis that no toll revenues could have been diverted to projects outside the ITN and yet failed to review the very allegations stated in the second amended complaint that the actual surpluses funds non-ITN projects. I will conclude that based on the history of the case law, going back before it was codified, the key question that the courts have always looked for is how the user fee, whether it's based on a compensation or whether it succeeds. It asks for more than just a fair compensation or for a fair payment of the benefit conferred. In this particular case, the district court went and accepted, like for example, that the Port Authority may use tolls just to penalize. The White House wanted to hold off until your rebuttal to finish because you're over your time now. We'll hear from the Port Authority. Thank you, Your Honor. Judge Chan, Parker, and Carney, this is Kathleen Miller on behalf of the Port Authority of New York and New York. The district court correctly dismissed the amended complaint challenging the 2011 toll increase under the dormant commerce clause because the complaint failed to meet the plausibility test. The plaintiff failed to plead sufficient facts. Ms. Miller, the district court relied on findings made in the AAA case. What is the basis for going beyond the four corners of the amended complaint to consider those findings? Well, that's true, Your Honor. The court below heavily relied on the decision in AAA versus the Port Authority of New York and New Jersey because in that case, a virtually identical claim was made and the allegations were substantially identical as the court pointed out in its decision. What is the legal principle that allows it? I mean, is it judicial notice? Stare decisis, Your Honor. Stare decisis? Yes, I would argue it was stare decisis because in that case, the court decided substantially identical issues and it would be a waste of judicial resources to ask the court to go back and again review and allow for discovery over the same issues that had been litigated, fully litigated in that case, in the AAA case, which was decided in 2016. And this court, in its decision in 2012, acknowledged the identity of the two claims and allowing the district court to stay discovery in this case while it went forward with discovery in the AAA case and decided that case. Sorry. Go ahead. I was going to say, would it not have been more facts to have converted it into a summary judgment? In a sense, I think the court was correct in staying with the stare decisis because Mr. Whitehouse did not participate in the discovery in the AAA case. He asked to participate, but he was denied. And so that that is unto itself, all of the discovery that could have been done and all of the financial disclosure that was made in that case is cited by Mr. Whitehouse, but it was within the body of that case. So I would suggest to this court that stare decisis was the correct way to proceed. Well, I understand how stare decisis might arise if we were talking about purely legal questions, but does it apply when you're essentially talking about actual matters that were the subject of an adjudication to which your adversary was not privy or party to? Well, they were partly factual decisions, Your Honor, and I agree he wasn't privy to those discovery procedures and factual findings. But once those factual findings have been made and they're incorporated into a decision, they become part of the law of the case. It's not going to in the AAA decision and was referred to in this decision was something that was not going to change from one case to the next. Go ahead, Judge Parker. How does it become more of a case to which he was not a party? Well, it's by virtue of stare decisis, the same issue was raised. Was there money, excess money in the Interstate Transportation Network or was it, as the Port Authority said, operating at a deficit? So that issue was found in the AAA case in 2016 that, in fact, the Port Authority was operating at a deficit when you did a cash flow analysis projecting the capital needs along with the operating needs of the Interstate Transportation Network. That was not going to change. It's a collateral estoppel in a way. A fact is established and you're saying that because of the nature of those proceedings, all relevant material was produced and it doesn't need to be relitigated. So even though Mr. Weishaus was not party to those proceedings, he's collaterally estopped from challenging those facts. Is that kind of the argument? Yes, it is my argument. Thank you, Your Honor. Okay, we have your argument. Thank you. Mr. Weishaus, you have two minutes for rebuttal. Yes, I'd like to remind the Court that the District Court first intended to convert the Port Authority's motion to summary judgment, but it faced a problem because the cash flow analysis was flat out wrong. It contradicted every single number that was published in the financial statements that the Port Authority publishes every year. On that basis, the District Court couldn't convert to summary judgment. Then another point is that the District Court in AAA North specifically said that AAA didn't do their math. They didn't present any numbers. They didn't attempt to challenge the numbers that the Port Authority went on. If, for example, let's say that the AAA case was debating the numbers between whether the numbers presented by the AAA or the numbers presented by Port Authority, then hypothetically there may be an argument that it was already considered. But the District Court didn't consider that. The only thing in AAA, the only thing that the District Court technically considered in AAA is whether AAA presented a question of fact. They did not. So in that regard, that's where the decision of AAA stands. But it had no basis in AAA to go off and all these other extra eddies that didn't involve AAA's complaint. For example, like raising money to rebuild the Pulaski Skyway. Pulaski Skyway is not part of the ITN. So what basis did the District Court have to venture over there and then apply it as precedent in my case? I mean, it's like using the star of the census for a purpose that's not meant to be used. And if I'd like to remind that there's many precedents from the court that have held that alleged facts related to or gathered during a separate litigation does not open the door to consideration on a motion to dismiss of any and all documents filed in connection with that litigation. So I mean, it's like... We have your papers and we have your arguments. Thank you very much. The court will reserve decision. And that completes the calendar for today. I'll ask the deputy to adjourn and stay safe, everybody. Thank you very much. Thank you. Court sent adjourned.